United States District Court
Middle District of Pennsylvania

STANLEY KAPISH, III,              :

     Plaintiff,               :   Civil Action No. 3:11-CV-2247

     v.                        :

UNITED PARCEL SERVICE, INC.,      :   (JUDGE RICHARD P. CONABOY)

and                               :

INTERNATIONAL BROTHERHOOD OF      :
TEAMSTERS, LOCAL 401

     Defendants.              :

**FILED
SCRANTON

APR 17 2012**

PER_____
DEPUTY CLERK

**MEMORANDUM**

Here we consider motions to dismiss the complaint in this matter filed by Defendant International Brotherhood of Teamsters, Local 401 ("Local 401") and Defendant United Parcel Service ("UPS"). (Docs. 18 and 21 respectively). Local 401 seeks to dismiss the Complaint (Doc. 1) of Plaintiff Stanley Kapish, III ("Kapish") for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The essence of Local 401's motion is its assertion that Kapish's claim is time-barred by the applicable statute of limitations. UPS also seeks dismissal of Kapish's complaint on the basis that it is time-barred and, alternatively, that Kapish failed to exhaust his remedies under the applicable collective bargaining agreement ("CBA").

I. **Background**

Kapish's complaint against Local 401, his collective bargaining representative, is derivative of his claim against his employer, co-defendant United Parcel Service ("UPS"). Kapish's claim against Local 401 alleges that Local 401 did not accord him "fair representation", as required by Section 301 of the Labor Management Relations Act ("LMRA"), in the way it processed, or failed to process, grievances against UPS arising from matters covered by the contract between UPS and Local 401.[1] Specifically, Kapish alleges that he was deprived of the opportunity to work various shifts or portions of shifts which the applicable contract guaranteed him as a part-time employee with seniority rights (Doc. 1 at 3). Kapish alleges that he first brought allegations that he was not being treated fairly under the applicable contract to Local 401's attention via his counsel's letter requesting that a grievance be initiated dated May 25, 2010, that Local 401 "rejected" the grievance, and that Local 401 retaliated against him for requesting that a grievance be processed. (Doc. 1 at 2). Kapish alleges further that a formal grievance which he filed on May 11, 2011 has not been answered and that, as a result of Local 401's failure to act on his grievance, the instant lawsuit was filed. (Doc. 1 at 6).

---

[1] Count III of Kapish's complaint, which had set forth a tortious interference with contractual rights state law claim against Local 401, has been withdrawn. (Doc. 25 at 5-6).

2

Local 401 contends that it never received Kapish's grievance (Doc. 19 at 3) and that even accepting Kapish's allegations as true, a reasonable person in Kapish's position should have known that Local 401 would not pursue his grievance on the date (May 11, 2011) that he filed it in light of his allegations that his complaint to Local 401's business agent had produced no positive results in the nearly one year since he had been contacted by Kapish's attorney. (Doc. 19 at 8). Thus, Local 401 contends that Kapish knew or should have known that it was futile to rely on his union's assistance on the date he filed his grievance and that, under the applicable statute of limitations, Kapish's claim was actually time-barred by the time he filed this lawsuit. (Doc. 19 at 8-9).

## II.  Legal Standard

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to

3

> dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

*McTernan*, 577 F.3d at 530. The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S. Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips* [*v. Co. of Alleghany*], 515 F.3d [224,] 234-35 [(3d Cir.2008)]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

4

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

### III. Local 401's Motion to Dismiss

To prevail on a Section 301 claim like the one currently before this Court, the complaining employee must demonstrate two things: (1) that his employer breached the terms of the collective bargaining agreement; and (2) that his union breached its statutory duty to represent him fairly. *Albright v. Virtue*, 273 F.3d 564 (3d Cir. 2001). The United States Supreme Court has held that in such "hybrid suits", those brought simultaneously against an employer and a union, the employee-plaintiff has six months from the date of accrual of his action to file suit. *Del Costello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 171 (1983). The relevant six month limitations period begins when the Plaintiff discovered, or through the exercise of due diligence should have discovered, that the union would proceed no further with the grievance. *Hersh v. Allen Products Company, Inc.*, 789 F.2d, 230, 232, (3d Cir. 1986).

5

No explicit notice is necessary and, when none is furnished, the statute of limitations begins to run when "the futility of further union appeals becomes apparent or should have become apparent." *Scott v. Local 863, Int'l Brotherhood of Teamsters*, 725 F.2d 226, 229 (3d. Cir. 1984).

In light of the foregoing authorities, for this Court to find in favor of Local 401 this Court must be satisfied that Kapish knew, or through the exercise of reasonable diligence would have understood, that it was an exercise in futility to file his grievance and, accordingly, that the instant action was time-barred no later than November 11, 2011, six months from the time he claims to have filed the grievance. The fact that Kapish's complaint sets forth a variety of allegations about diverse violations of his collective bargaining rights over a period of more than three years dating back to January of 2008 does invite Local 401's argument that at some point in that continuum he should have realized that his union was not effectively prosecuting his action. However, it is a very difficult thing to know at this stage whether there was a point in that continuum at which Kapish recognized or should have recognized the futility of further reliance on his union.

Certainly, his action could not have accrued prior to May 25, 2010, the day his counsel sent a letter to Local 401's business agent requesting that a grievance be filed in his behalf. (Doc. 1 at 2). According veracity, as we must in the context of a Rule 12(b)(6) motion, to Kapish's well pled allegation that he did not

6

involve the union in his problem before May 25, 2010, his cause of action necessarily accrued at some time after Local 401 was alerted to his allegations against UPS. And, while we learn from the complaint that Kapish's request to file a grievance was rejected and that, as a result of his request, Local 401 retaliated against him, (Doc. 1 at 5-6), we do not learn: (1) when his grievance was rejected; (2) whether that rejection was communicated to him; (3) whether other communications germane to our decision occurred between him and his business agent in the relevant time period and, if so, the nature of those communications; (4) and when he came to realize that alleged retaliation by Local 401 stemmed from his request. Moreover, the Court has been told nothing about how long the grievance procedure normally takes to run its course in the UPS facility, a question that could have great relevance in determining whether Kapish waited too long. While the answers to these questions need not have been supplied within Kapish's complaint, they are crucially relevant to determine when Kapish's course of action occurred. To be sure, nothing in Local 401's motion to dismiss and accompanying memorandum sheds any light on the answer to any of these questions.

Because there are various pivotal questions, the answers to which would necessarily impact the Court's decision regarding when Kapish's claim accrued, the Court is not now in a position to reliably assess whether the statute of limitations expired before Kapish filed his lawsuit. Thus, Local 401's motion to dismiss must

be denied.

## IV.  UPS' Motion to Dismiss

The first argument advanced by UPS in support of its Rule 12(b)(6) motion is the selfsame statute of limitations argument that Local 401 relied on in support of its similar motion. For the reasons stated in the preceding section of this Memorandum, UPS' argument that Kapish's complaint is time-barred must, at least for now, be rejected. Even if UPS bore no responsibility for Local 401's alleged failure to provide "fair representation", the employer and the union in "hybrid" Section 301 claims like this one are both subject to the same statute of limitations. The Third Circuit has held:

> A breach of the duty of fair representation claim is a "necessary condition precedent" to the Section 301 claim; in hybrid suits where the employee sues both the employer and the union, an employee must still allege that the union refused to process his grievance as a condition precedent to the Section 301 claim. Thus, it would not make analytic sense to conclude that the statute of limitations begins to run on these Section 301 claim when it has not begun to run on the duty of fair representation claim. We conclude that the statue of limitations may be tolled against the employer in a hybrid case when the employee sues *both* the employer and the union, even when the reason for tolling the statute of limitations is due to the action of the union alone.

*Albright v. Virtue*, supra at 576-77 (citing *Vadino v. Baley Engineers*, 903 F.2d 253 (3d Cir. 1990). Consequently, because we have already determined that the union's statute of limitations argument must be rejected at this point, UPS' argument must be

8

rejected as well.

UPS also argues that its Motion to Dismiss should be granted due to Kapish's failure to exhaust his contractual remedies under the CBA. Such exhaustion is generally necessary before pursuit of a Section 301 hybrid claim unless one of three exceptions exists: (1) where the employer's conduct repudiates contractual remedies; (2) where use of grievance procedures would be futile; and (3) where the union breaches its duty by wrongfully refusing to process a grievance. Podobnik v. U. S. Postal Service, 409 F.3d 584, 594 (3d Cir. 2005). This test is disjunctive and the presence of even one of these exceptions will relieve the Plaintiff of the need to exhaust CBA grievance remedies. Perhaps recognizing the weakness of its argument on the third prong of the Podobnik test concerning a union's wrongful refusal to process a grievance, UPS argues that Kapish's complaint does not even contain an allegation that he ever filed a written grievance. (Doc. 21 at 16). This argument is simply incorrect. Paragraph 18 of Kapish's Complaint alleges that he submitted a formal grievance and alludes to a "true and correct copy" of that grievance. (Doc. 1, Exh. A). Moreover, Paragraph 19 of Kapish's Complaint alleges that Local 401 unfairly refused to prosecute his grievance. Thus, Kapish has pled enough to refute, at least for now, UPS' argument that he should be non-suited for failing to exhaust contractual remedies. Consequently, UPS' Motion to Dismiss will be denied.

## V. Conclusion

Both Local 401 and UPS blithely read Kapish's Complaint as necessarily establishing "facts" that they contend support this Court's peremptory dismissal of this case. However, this Court concludes that Kapish's Complaint contains sufficient factual matter to state a plausible claim for relief in conformity with the applicable standard articulated in McTernan v. City of York, 577 F.3d 521, 530 (3d Cir. 2009). An appropriate Order follows.

Richard P. Conaboy
United States District Judge

Dated: 4-17-12